Gibson J.,
delivered the opinion of the Court.
It is impossible to distinguish this case from the Lessee of Lauman v. Thomas. All the distinctions respecting the different kinds of warrants or locations, and thh time of vesting the title, are there well taken, and put on their true grounds. In no case, but that of a shifted right, is the commencement of the title postponed till acceptance of the survey ; and for this reason, that the contract having, by its terms, attached to a specific object, cannot be altered by the volition of one party to it, so as to be applied to a different object. The acceptance of a survey of land, not embraced in the original contract, is a new bargain, that canpot have a retroactive operation against a person deriving right from a prior appropriation. It is, indeed, laid down in Kyle v. White, 1 Binn. 249, that, in the case of a shifted right, the title shall vest from the time of the survey, as against a person having actual notice of it; which is irreconcileable with the doctrine of the contract being incomplete, till ratified by the grantor, as that does not involve the materiality of notice at all. I apprehend, the interference of a person conusant of the intention of the party to appropriate other land under his shifted right, was originally considered a fraud, and sufficient, on that ground alone, to postpone him : yet in The Lessee of Evans v. Nargong, 2 Binn. 55, it was *134 held, that no private intention of a party, designing to appropriate a particular spot, should prevent the proprietaries from granting it to any one that chose to apply for it. But I apprehend, the true reason why the title on a shifted right, commences at the survey, against a party having actual notice, is a long uninterrupted usage, to disturb which, for any abstract reason, would, at the present day, be attended with disastrous consequences. But as to the other two classes of cases, there is no difficulty. Where the warrant or location is strictly or reasonably descriptive, the subject matter of the grant, being ascertained by the terms of the contract, the interest vests presently: but where the office right is loose, indescriptive, or vague, (for each of these terms is sometimes used,) the contract, embracing no particular spot or definite portion of land, can vest no interest, until the subject of the grant is ascertained ; but when that is done, the contract, which was before indefinite, is reduced to certainty, and the interest, therefore, vests from the survey. The three classes I have mentioned, comprehend every kind of right. But a distinction is attempted between a warrant, in which the land is so far described by natural objects, well known, as to fix it within a compass of three or four miles, and a warrant or application like the present, in which there is no designation by any known object, and in which, the locality of the grant cannot be referred to any particular part of the State; and this, on the ground, that where the description in the warrant is altogether vague, the survey on the ground is not notice, as it cannot, on enquiry, be traced to any particular office right; and that, therefore, until it is actually attached to one, by return into office, it can afford no information, that the survey on the ground, was made under any authority. A warrant or location, however, either describes the land, or it does not; and if it be indescriptive, it is so, to all intents and purposes ; and the degree of imperfect information it may afford, as to the district of country in which the land is intended to be surveyed, is, for the present purpose, immaterial. A survey on the ground, is always notice, where it is sufficient to put the party on an enquiry, which would, if properly pursued, lead to a full knowledge of the office right, under which it was made. It is almost impossible, that any one can be altogether ignorant of the matter, where there has, in fact, been an adverse survey of *135 tbe spot he designs to appropriate ; in which case, recourse should be had to the deputy surveyor of the district, whose office would always afford the means of information. The difference between a shifted location, and one like the present, seems to be this : in the case of the first, a party is not bound to suspect, that the grant has been located against the express letter of its terms, and being, therefore, not bound to enquire about a matter so much out of the usual course, nothing short of actual notice will affect him; but where the survey on the ground would lead him to a warrant, which might, or might not, have been laid on the land, he is bound to go the utmost length, in search of further information ; and shall therefore be affected by constructive notice. Here, there could have been no surprise, if proper diligence had been pursued; and we therefore think the judgment should be affirmed.
Duncan J., who had been concerned as counsel in the cause, took no part in the decision.
Judgment affirmed.